PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/16/99
THOMAS K. KAHN
CLERK

----------------------------------------
No. 96-4884
----------------------------------------
D. C. Docket No. 95-2588-CV-SM


WALTER L. STONE, individually, and as Natural
Guardian of S.P.S., a minor,

                                    Plaintiff-Appellant,

    versus


GEORGENE WALL, GINA WALL MASTERSON,
BROCK GREEN,

                                    Defendants-Appellees.



-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-----------------------------------------------------------------
**(September 16, 1999)**

Before EDMONDSON, Circuit Judge, WELLFORD*, Senior Circuit Judge.**

_____

*Honorable Harry W. Wellford, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by
desigantion.
**This decision is rendered by a quorum.  28 U.S.C. § 46(d).

PER CURIAM:

In this diversity suit, plaintiffs asserted a common law action for interference with a parent/child relationship or abduction. The United States District Court for the Southern District of Florida dismissed the claim pursuant to Fed. R. Civ. Pro. 12(b)(6), concluding that Florida recognized no claim for which relief could be granted on those grounds. We certified the question to the Supreme Court of Florida, see Stone v. Wall, 135 F.3d 1438, 1443 (11th Cir. 1998), and asked:

> Whether a cause of action exists for interference with the parent/child relationship where a third party (that is, a nonparent who has no custody rights over that child) intentionally abducts a minor child from a parent legally entitled to the child's custody?

The Supreme Court of Florida has answered "Yes." See Stone v. Wall, 734 So. 2d 1038 (Fla. 1999). Therefore, we VACATE the district court decision, dismissing this case for failure to state a claim upon which relief could be granted, and REMAND for further proceedings.

VACATED AND REMANDED.